IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 12 CR 124 |
| | ) | |
| WILLIAM BEAVERS | ) | Hon. James B. Zagel |
| | ) | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS & OBJECTION TO GOVERNMENT'S MODIFIED INSTRUCTIONS 25 & 26

The Defendant, William Beavers, by and through his counsel, respectfully submits the attached proposed jury instructions. Defendant continues his previously made objections in open court. In addition, Defendant submits the following objection to the Government's Modified Instructions 25 and 26.

Respectfully Submitted,

/s/ Lauren Kaeseberg
One of the Attorneys for
William Beavers

### COUNSEL FOR DEFENDANT

SAMUEL F. ADAM
SAMUEL E. ADAM
VICTOR HENDERSON
Henderson Adam, LLC
330 S. Wells Street, Suite 1410
Chicago, IL 60606
(312) 726-2326

SHELDON SOROSKY
AARON GOLDSTEIN

LAUREN KAESEBERG
158 W. Erie
Chicago, IL 60654
(312) 640-1776

If the defendant believes in good faith that he is acting within the law or that his actions comply with the law, he cannot be said to have acted corruptly, or with the purpose to obtain an unlawful benefit for himself or someone else. This is so even if the defendant's belief was not objectively reasonable. However, you may consider the reasonableness of the defendant's belief together with all the other evidence to determine whether the defendant held the belief in good faith.

**DEFENDANT INSTRUCTION 1**

26 U.S.C. § 7212 "GOOD FAITH"
26 U.S.C. § 7212 "GOOD FAITH" Committee Comment: See *Cheek v. United States*, 498 U.S. 192, 202, 204–06 (1991); *United States v. Becker*, 965 F.2d 383, 388 (7th Cir. 1992).

[*NOTE: Defendant requests that this instruction follow Government Instruction 18, which is the elements instruction for §7212.*]

When a taxpayer receives a loan, he incurs an obligation to repay that loan at some future date. Because of this obligation, the loan proceeds do not qualify as income to the taxpayer. When he fulfills the obligation, the repayment of the loan likewise has no effect on his tax liability."

DEFENDANT INSTRUCTION NO. 2

*Comm'r v. Tufts*, 461 U.S. 300, 307 (1983) [exact quote]

[*Defendant requests that this language replace the language in Paragraph 1 of Govt Instruction No 26A. Defendant does not object to Paragraph 2.*]

4

## Objection to Government Instruction 25:

Defendant renews his objections made in open court and objects to the use of this instruction as it is overly broad and vague. The tax code (sections 61 and 63) defines what does not constitute income and this instruction does not aid the jury.

## OBJECTION TO GOVERNMENT INSTRUCTION 26:

Defendant objects to the use of "personal use" because it is overly broad and vague. It encompasses nontaxable uses and is misleading to the jury. The language in this instruction is similar to the Government's original Instruction 26 (which was withdrawn) and raises the same problems.

Defendant also objects to the use of a "for example" clause of the instruction. The jury should be guided only by the law and the facts of this case.

If the Court gives this instruction, the Defendant requests that the following language be added to the end of Paragraph 2:

> **However, if the funds are a loan, the amount paid is not taxable income to the candidate.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March, 2013, I electronically filed the following document:

DEFENDANT'S PROPOSED JURY INSTRUCTIONS & OBJECTIONS TO GOVERNMENT MODIFIED INSTRUCTIONS NUMBERS 25 & 26

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Lauren Kaeseberg